The STATE of Ohio, Appellee,

v.

KELLY, Appellant.

[Cite as *State v. Kelly* (2001), 145 Ohio App.3d 277.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–05–075.

Decided Aug. 20, 2001.

278

*Robin N. Piper*, Butler County Prosecuting Attorney, *Daniel G. Eichel* and *Lee A. Oldendick*, Assistant Prosecuting Attorneys, for appellee.

*Melynda W. Cook*, for appellant.

POWELL, Judge.

Defendant-appellant, Thomas E. Kelly, a.k.a. Kelley, appeals the decision of the Butler County Court of Common Pleas sentencing him to twelve years in prison for kidnapping and attempted felonious assault.

In February 2000, appellant was an inmate at the Butler County Jail awaiting sentence for a recent rape conviction. While under detention, appellant attacked corrections officer Deputy Jamy Fultz. Appellant placed Fultz in a headlock, placed a "shank" to her throat, and dragged her to a restroom where he threatened to kill her. Other officers in the jail subdued appellant and rescued Fultz.

Appellant was charged with kidnapping and attempted felonious assault. He pled guilty to the charges. The trial court sentenced appellant to eight years in prison and a $15,000 fine for kidnapping. Appellant was sentenced to four years in prison and a $10,000 fine for attempted felonious assault. The trial court ordered appellant to serve the terms of imprisonment consecutively. Appellant appeals his sentence and assigns two assignments of error for review.

Assignment of Error No. 1:

"The sentencing court erred in imposing consecutive sentences."

In his first assignment of error, appellant argues that the trial court erred by sentencing him to consecutive terms of imprisonment for his offenses. Appellant maintains that the trial court's judgment is not supported by the record and is contrary to law.

An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C. 2953.08(F)(1) through (3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).

Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that

consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:

"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

■ R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. *State v. Finch* (1998), 131 Ohio App.3d 571, 574, 723 N.E.2d 147, 149; *State v. Mirmohamed* (1998), 131 Ohio App.3d 579, 584, 723 N.E.2d 152, 155–156. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C. 2929.19(B)(2)(c); see *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 133–134; *State v. Boshko* (2000), 139 Ohio App.3d 827, 838, 745 N.E.2d 1111, 1119–1120.

■ The trial court's entry of conviction in this case specifically states that "for the reasons stated on the record * * * consecutive sentences are necessary to protect the public from future crime or to punish the defendant and [are] not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public." The entry further states that "the defendant committed the multiple offenses while the defendant was awaiting trial or sentencing[;] the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct[;] and the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant."

■ In addition, a review of the sentencing hearing demonstrates that the trial court carefully considered appellant's conduct and made ample findings supporting the imposition of consecutive sentences. For example, the trial court noted that appellant committed the offenses against Deputy Fultz while he was awaiting sentencing for a violent rape. The trial court commented that the

circumstances surrounding the kidnapping and attempted felonious assault made the imposition of consecutive sentences "not at all disproportionate to the danger" appellant poses to the public. The trial court further found that appellant's history of violent conduct, which he continued to exhibit while in the jail, demonstrated that consecutive sentences were needed to protect the public. The trial court's decision to impose consecutive sentences is supported by the record and is not contrary to law. Appellant's first assignment of error is overruled.

Assignment of Error No. 2:

"The court erred in imposing fines upon appellant who was indigent."

In his second assignment of error, appellant argues that the fines imposed by the trial court are contrary to law and not supported by the record. Appellant maintains that the presentence investigation report ("PSI") indicates that his age, education, indigency status, earning ability, and lengthy prison terms, affect his ability to pay the fines.

■■ R.C. 2929.18 authorizes a trial court to impose financial sanctions upon felony offenders. Before imposing a financial sanction under R.C. 2929.18, the trial court "shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). A trial court that imposes a financial sanction upon an offender may hold a hearing on the offender's ability to pay fines or restitution, but a hearing is not required. *State v. Stevens* (Sept. 21, 1998), Clinton App. No. CA98–01–001, unreported, 1998 WL 640889; R.C. 2929.18(E). As with other aspects of a criminal sentence, an appellate court cannot modify a financial sanction unless it finds by clear and convincing evidence that it is not supported by the record or is contrary to law. See R.C. 2953.08(G); *State v. Blanton* (Mar. 19, 2001), Butler App. No. CA99–11–202, unreported, 2001 WL 273635.

■ Appellant pled guilty to kidnapping in violation of R.C. 2905.01(B)(2), a felony of the second degree; he also pled guilty to attempted felonious assault in violation of R.C. 2903.11(A)(2) and 2923.11(A)(2), a felony of the third degree. The maximum fine for a felony of the second degree is $15,000 and the maximum fine for a felony of the third degree is $10,000. R.C. 2929.18(A)(3). The trial court ordered appellant to pay the maximum authorized fine for each offense.

Appellant claims that it is "clear" that the imposition of maximum fines is "not supported by the record." Appellant also argues that the PSI indicates that he is indigent and without the means to pay the fines. Yet appellant failed to provide this court with a copy of the PSI. When this court ordered counsel for appellant to supplement the record with the PSI, counsel responded that "[n]o PSI exists for [a]ppellant." However, the transcript of the sentencing hearing reveals that

the trial court consulted a PSI, forensic report, and medical reports prior to sentencing appellant, none of which was provided to this court on appeal.

Pursuant to App.R. 9(B), appellant has the burden to ensure that the record, or whatever portions thereof that are necessary for the determination of an appeal, is filed with the appellate court. *Rose Chevrolet v. Adams* (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565–566. If, as in this case, an appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence, "the appellant *shall* include in the record a transcript of all evidence relevant to the findings or conclusion." (Emphasis added.) App.R. 9(B).

In an appeal of a criminal sentence, the record shall include any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed, the trial record in the case, and all oral or written statements made to or by the court at the sentencing hearing. R.C. 2953.08(F). In the absence of a complete and adequate record necessary for the resolution of an assignment of error, the reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. *State v. Nichols* (1997), 122 Ohio App.3d 631, 634, 702 N.E.2d 504, 505–506, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385–386. Without an adequate record, an appellate court cannot "clearly and convincingly" determine that the record does not support the sentence imposed, or that the sentence is contrary to law. *State v. Crouse* (Dec. 6, 1999), Fayette App. No. CA98–10–016, unreported, 1999 WL 1123027.

Appellant relies in part on the contents of the PSI for his claim that the fines imposed by the trial court are not supported by the record but failed to supply this court with the PSI or other documents submitted to the trial court for purposes of sentencing.[1] Curiously, appellant now claims that the PSI does not exist. A meaningful review of the trial court's decision must be based on the record before us, not mere conclusory assertions in an appellate brief. Without a complete record, we presume the regularity of the sentencing hearing and that the trial court had sufficient evidence to support the imposition of the fines.

Appellant also argues that the trial court should not have ordered him to pay fines merely because he is indigent and had appointed counsel at all times during this case. A determination that a criminal defendant is indigent for purposes of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction pursuant to R.C. 2929.18. *State v. Johnson* (1995),

---

1. We also note that appellant provided the transcript of the sentencing hearing only after this court *sua sponte* ordered appellant to supplement the record.

107 Ohio App.3d 723, 728, 669 N.E.2d 483, 486–487; *State v. Powell* (1992), 78 Ohio App.3d 784, 788, 605 N.E.2d 1337, 1340. This is because the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings. *Id.* As the Eighth District Court of Appeals noted:

"Many criminal defendants, even those who have steady income, are not able to raise sufficient funds to pay the retainer fee required by private counsel before counsel will make an initial appearance. This difference is even more evident in cases where the defendant has to utilize his financial resources to raise sufficient bond money in order to be released from jail. In contrast, the payment of a mandatory fine over a period of time is not equivalent to the immediate need for legal representation at the initiation of criminal proceedings." *Powell*, 78 Ohio App.3d at 789–790, 605 N.E.2d at 1341.

Accordingly, the fact that appellant has had appointed counsel for the duration of this case does not require this court to conclude that the trial court's imposition of fines is contrary to law.

Since appellant did not provide this court with a complete record, we must presume the regularity of the proceedings and conclude that the trial court complied with R.C. 2929.18 for the purpose of imposing the maximum fines for appellant's offenses. In light of the foregoing, we cannot conclude by clear and convincing evidence that the financial sanctions are not supported by the record, or that they are contrary to law. Appellant's second assignment of error is overruled.

*Judgment affirmed.*

VALEN, P.J., and WALSH, J., concur.