OPINION
Defendant-Appellant, Martin Lee Dumford ("Dumford"), appeals from a judgment of conviction and sentence entered by the Auglaize County Common Pleas Court in two consolidated cases, Auglaize Case Nos. 2000-CR-36 and 2001-CR-0126, finding him guilty of one count of theft, a fifth degree felony in violation of R.C. 2913.02(A)(2), and one count of failure to appear, a fourth degree felony in violation of R.C. 2937.99. Dumford asserts that his sentence is unsupported by the record and is contrary to law. Because the trial court failed to make necessary findings or provide factual explanations setting forth the basis for those findings under applicable sentencing guidelines, we find that the sentence imposed is contrary to law. Accordingly, the judgment of sentencing is vacated and the cause is remanded for resentencing.
Facts and procedural history relevant to issues raised on appeal are as follows. In January of 2000, Dumford and two accomplices stole a C.D. recorder valued at $599.00 from K-Mart in St. Marys, Ohio. Dumford was subsequently indicted by the Auglaize County Grand Jury on charges of robbery, a second degree felony in violation of R.C. 2911.02(A), and theft, a fifth degree felony in violation of R.C. 2913.02(A)(2): Auglaize Case No. 2000-CR-36. Dumford was released upon his own recognizance, pursuant to R.C. 2937.29, at a May 3, 2000 bond hearing. When Dumford failed to appear for a July 31, 2000 pretrial/change of plea hearing, the trial court terminated his bond and issued a bench warrant for his arrest.
Following his failure to appear in Case No. 2000-CR-36, the Auglaize County Grand Jury returned a second indictment containing one count of failure to appear, a fourth degree felony in violation of R.C.2937.99(A),(B), designated Case No. 2001-CR-0126. These cases were consolidated for pleading and sentencing.
Pursuant to a negotiated plea agreement, the robbery charge was dropped in return for a plea of guilty to the theft and failure to appear offenses. At a September 14, 2001 hearing, the trial court accepted Dumford's guilty plea and accepted evidence regarding sentencing. Testimony and evidence presented revealed that Dumford had a lengthy record, including, but not limited to, a first degree arson conviction for which he was sentenced to five years in prison, three disorderly conduct convictions for prostitution activity, a kidnapping charge, which was reduced to a misdemeanor, and several other self-admitted run-ins with authorities. Indicating that it had considered the factors against and in favor of incarceration, the trial court found that the circumstances presented and Dumford's prior record made incarceration appropriate, imposed the maximum twelve-month period of incarceration for the fifth degree theft offense, imposed the maximum eighteen-month period of incarceration for the fourth degree failure to appear offense, and ordered that the sentences be served consecutively. The instant appeal followed.
Dumford presents two assignments of error for our consideration. For purposes of judicial economy we have elected to address the assigned errors simultaneously.
 Assignment of Error Number One The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in Ohio Revised Code, Section 2929.14 resulting in the Defendant-Appellant receiving a sentence which is contrary to law.
 Assignment of Error Number Two The trial court's ordering that the sentences of Defendant-Appellant are to be served consecutively to each other was unsupported by the record and was contrary to law.
For his assigned errors, Dumford asserts that his sentence is contrary to law and unsupported by the record. Though the record contains sufficient evidence supporting the trial court's determination, we find that the sentence imposed is contrary to law because the court failed to make necessary findings or provide factual explanations setting forth the basis for those findings under applicable sentencing guidelines.
The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.13, and 2929.14, determines a particular sentence.[1] Accordingly, strict compliance with the aforementioned sentencing statutes is required.[2]
Furthermore, the court's findings must be made on the record at the sentencing hearing.[3] In other words, at the sentencing hearing the trial court must set forth the statutorily mandated findings and, when necessary, state the particular reasons for making those findings.[4]
The fact that the trial court made the necessary statutory findings in a subsequent judgment entry will not correct sentencing hearing deficiencies.[5] A sentencing court need not, however, recite the exact words of the statute in a talismanic ritual so long as the record clearly indicates that the court considered applicable sentencing guidelines and set forth appropriate findings and reasons in support of its determination.[6]
When sentencing an offender on a fourth degree felony, a trial court may impose a prison term of "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."[7] When sentencing an offender for a fifth degree felony, the court may impose a term of "six, seven, eight, nine, ten, eleven, or twelve months."[8] Sentencing guidelines for fourth and fifth degree felonies mandate that trial courts review R.C. 2929.13(B)(1) to determine whether any of the factors enumerated therein are applicable to the particular case. If the trial court finds that one or more of these factors exists and, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, "finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 * * * and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."[9]
If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.[10] In addition, R.C. 2929.19(B)(2)(a) requires that when a sentencing court "imposes a prison term for a felony of the fourth or fifth degree * * * [it must provide] its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
Prior to sentencing a defendant to consecutive sentences, a trial court must make specific findings as required by R.C. 2929.14(E)(4), which states:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Additionally, the trial court must set forth its reasons for imposing certain sentences set forth in R.C. 2929.19(B)(2), which provides, in pertinent part:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 * * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;
 (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.[11]
In State v. Edmonson,[12] the Ohio Supreme Court articulated the difference between making a finding on the record and giving reasons for imposing a certain sentence. The Court indicated that "finds on the record" means that the court must note that it engaged in the appropriate analysis and set forth the statutorily sanctioned grounds relied upon in deciding to impose a particular sentence.[13] Only when a statute further requires courts to provide reasons for imposing a sentence, must courts make the applicable findings and then provide a factual explanation setting forth the basis for those findings.[14] The fact that the record or remarks made by the trial court might arguably support a statutorily mandated finding is inadequate, as the trial court's pronouncement must delineate which statutorily mandated grounds support its determination and confirm that the court considered appropriate sentencing guidelines.[15] Failure to sufficiently state these reasons on the record constitutes reversible error and justifies remand of the matter for re-sentencing.[16]
R.C. 2953.08(G)(2) authorizes appellate courts to increase, reduce, or otherwise modify or vacate a sentence and remand the matter to the trial court for re-sentencing if the court finds by clear and convincing evidence:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13; division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 (b) That the sentence is otherwise contrary to law.
The entirety of the trial court's application and analysis of statutory guidelines at the sentencing hearing appears as follows:
 Court has considered the factors against and in favor of incarceration and, in doing so, finds that incarceration in this matter in a state penal institution is appropriate under all of the circumstances.
 As to the charge of theft in Case Number 2000-CR, 2000-CR-0036, the Defendant will be sentenced to TWELVE (12) MONTHS with the Ohio Department of Rehabilitation and Correction and will be assessed the court costs of this action. In the other case, the Defendant will be sentenced to EIGHTEEN (18) MONTHS with the Ohio Department of Rehabilitation and Correction and assessed the court costs of this action. Court also finds that these sentences should run CONSECUTIVE, one to the other, for a total of thirty (30) months.
 The court finds that such a sentence is necessary to protect the public from future crimes of him and to punish the offender; also finds that the Defendant poses somewhat of a risk to the public; finds further that the harm caused by these offenses is so great, a single prison term does not adequately reflect the seriousness of the offense and his prior record indicates that such a sentence is necessary.
Absent from the trial court's pronouncement is an express statement as to which of the R.C. 2929.19(B)(1) factors it found applicable to the instant offenses or a finding, pursuant to R.C. 2929.13(B)(2)(a), that Dumford was not amenable to available community control sanctions. Though the trial court did find, pursuant to R.C. 2929.19(E)(4), that the sentence was necessary to protect the public and punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, that Dumford poses "somewhat" of a danger to the public, and that a single term does not adequately reflect the seriousness of the conduct,[17] the trial court failed to provide a factual explanation setting forth the basis for those findings as required by R.C. 2929.19(B)(2). Regardless of whether the record supports such a determination, the foregoing conclusory statements do not constitute full compliance with the statutory requirements, provide no clear indication that the trial court considered appropriate sentencing guidelines, and cannot support the imposition of a term of imprisonment for either offense, much less maximum or consecutive sentences. Therefore, we find that the trial court's sentence is contrary to law. Accordingly, Dumford's first and second assignments of error are sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of sentencing is vacated and remanded for resentencing.
Judgment Reversed and Cause Remanded.
BRYANT and HADLEY, J.J., concur.
[1] State v. Martin (1999), 136 Ohio App.3d 355, 362.
[2] Id.
[3] Id. at 361; see, also, State v. Williams (2000), 136 Ohio App.3d 570,572.
[4] Williams, 136 Ohio App.3d at 572.
[5] State v. Black (Nov. 15, 2000), Crawford App. No. 3-2000-14, unreported, dismissed, appeal not allowed by 91 Ohio St.3d 1471.
[6] State v. Kelly (2001), 145 Ohio App.3d 277, 281; State v. Arnett
(2000), 88 Ohio St.3d 208, 215; State v. Martin (2000),140 Ohio App.3d 326, 334-335; State v. Finch (1998), 131 Ohio App.3d 571,575; State v. Cantiberry (Sept. 28, 2001), Hancock App. No. 5-01-14, unreported; State v. Cooper (Nov. 22, 2000), Marion App. No. 9-2000-49, unreported.
[7] R.C. 2929.14(A)(4).
[8] R.C. 2929.14(A)(5).
[9] R.C. 2929.13(B)(2)(a).
[10] R.C. 2929.14(B).
[11] Emphasis added.
[12] State v. Edmonson (1999), 86 Ohio St.3d 324, 326-27.
[13] Id. at 326.
[14] Id.
[15] Id. at 328.
[16] Id. at 329; see, also State v. Gary (2001), 141 Ohio App.3d 194,196; State v. Martin (2000), 140 Ohio App.3d at, 334.
[17] See R.C. 2929.19(E)(4),(b),(c).