OPINION
Defendant-Appellant, Ronald Mitchell ("Mitchell"), appeals from a judgment of conviction and sentence entered by the Crawford County Common Pleas Court finding him guilty of passing a bad check for payment of five hundred dollars or more, a fifth degree felony in violation of R.C.2913.11(D).
Mitchell claims that the trial court failed to identify which factors it relied upon for imposition of more than the minimum sentence and did not indicate why community control sanctions were inappropriate. Because Mitchell had previously served a prison term, the trial court was not required to make the findings mandated by R.C. 2929.14(B) for the imposition of more than the minimum sentence. Furthermore, the trial court examined Mitchell's record at the sentencing hearing and concluded, based thereon, that he was not amenable to community control sanctions. Mitchell also asserts that the sentence imposed an unnecessary burden on government resources, that it is disproportionate to the nature of the underlying criminal act, and that the trial court failed to consider other relevant circumstances. Having reviewed the record in its entirety, we find these contentions to be meritless and, therefore, affirm the trial court's sentence.
Pertinent facts and procedural history relevant to issues raised on appeal are as follows. In 1997, Mitchell wrote a check to Gochenour Meats in the amount of $532.00. The check was dishonored because the account upon which it was written had been closed. Thereafter, the matter was referred to Crawford County authorities who issued two ten-day notices to Mitchell regarding the check. When Mitchell failed to rectify the situation, the case was referred to the Crawford County Grand Jury.
On April 13, 1998, the Crawford Country Grand Jury returned an indictment against Mitchell for one felony count of passing a bad check in excess of five hundred dollars. Mitchell was arraigned on April 16, 2001, and entered a plea of guilty for the charge on July 24, 2001. A sentencing hearing was conducted wherein Mitchell and his counsel were provided the opportunity to address the court and present evidence on his behalf. After considering the circumstances of the case and evidence presented, the trial court sentenced Mitchell to an eight-month period of imprisonment. The instant appeal followed.
Mitchell presents the following two assignments of error for our consideration. For purposes of brevity and clarity we have elected to consolidate our review of the assigned errors.
 Assignment of Error Number One The trial court erred in sentencing the Defendant to prison for eight months for a fifth-degree nonviolent felony.
 Assignment of Error Number Two The trial court erred in sentencing the Defendant, where it imposed a prison sentence in contravention of Ohio Rev. Code 2929.13 and Ohio Rev. Code 2929.11.
For his first assignment of error, Mitchell claims that the trial court did not indicate why community control sanctions were inappropriate and failed to identify which factors were relied upon for imposition of more than the minimum sentence. In his second assignment of error, Mitchell asserts that the sentence imposed is an unnecessary burden on government resources and is disproportionate to the nature of the underlying criminal act.
The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.13, and 2929.14, determine a particular sentence.[1] Accordingly, strict compliance with the aforementioned sentencing statutes is required.[2]
Furthermore, the court's findings must be made on the record at the sentencing hearing.[3] In other words, at the sentencing hearing the trial court must set forth the statutorily mandated findings and, when necessary, state the particular reasons for making those findings.[4]
The fact that the trial court made the necessary statutory findings in a subsequent judgment entry will not correct sentencing hearing deficiences.[5] A sentencing court need not, however, recite the exact words of the statute in a talismanic ritual so long as the record clearly indicates that the court considered applicable sentencing guidelines and set forth appropriate findings and reasons in support of its determination:[6] "[t]o require otherwise would impose an unnecessary additional obligation on the trial court in sentencing felony offenders in accordance with Chapter 2929, which already demands strict compliance in the specified respects."[7]
When sentencing an offender on a fifth degree felony, a trial court may impose a prison term of "six, seven, eight, nine, ten, eleven, or twelve months."[8] Sentencing guidelines for fifth degree felonies mandate that trial courts review R.C. 2929.13(B)(1) to determine whether any of the factors enumerated therein are applicable to the particular case. If the trial court finds that any of these factors exist and, after considering the seriousness and recidivism factors set forth in R.C.2929.12, "finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 * * * and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."[9] If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.[10]
R.C. 2929.19(B)(2)(a) requires that when a sentencing court "imposes a prison term for a felony of the fourth or fifth degree * * * [it must provide] its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender." In State v. Edmonson,[11] the Ohio Supreme Court articulated the difference between making a finding on the record and giving reasons for imposing a certain sentence. The Court indicated that "finds on the record" means that the court must note that it engaged in the appropriate analysis and set forth the statutorily sanctioned grounds relied upon in deciding to impose a particular sentence.[12] Only when a statute further requires courts to provide reasons for imposing a sentence, must courts make the applicable findings and provide a factual explanation setting forth the basis for those findings.[13]
R.C. 2953.08(G)(2) authorizes appellate courts to increase, reduce, or otherwise modify or vacate a sentence and remand the matter to the trial court for re-sentencing if the court finds by clear and convincing evidence:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13; division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 (b) That the sentence is otherwise contrary to law.
In the instant case, the trial court indicated that it had considered the record, oral statements, pre-sentence investigation report, as well as the principles and purposes of sentencing under R.C. 2929.11, and had balanced the seriousness and recidivism factors contained in R.C. 2929.12. Mitchell claims, however, that the trial court did not state specifically which factor or factors it relied upon to justify the imposition of a greater than minimum sentence.
We note initially that, because Mitchell has previously served a prison term, the trial court was not required to make findings required by R.C.2929.14(B) to support the imposition of more than the minimum sentence. Moreover a review of the record reveals that the trial court made the appropriate findings in support of the sentence imposed at the sentencing hearing and tendered more than mere rote recitation of the factors it considered applicable, providing factual explanations setting forth the basis for those findings. Upon considering the factors listed in R.C.2929.13(B)(1), the trial court found that Mitchell had previously served a six-month prison sentence.[14] Scrutinizing the seriousness and recidivism factors contained in R.C. 2929.12, the court found that Mitchell had several prior criminal violations, noting particularly that he had multiple prior passing bad check convictions.[15] In addition, the court examined whether Mitchell exhibited genuine remorse for the offense, referencing Mitchell's continued attempts to place blame for his actions upon others.[16]
Mitchell claims the court failed to indicate why community control was inappropriate and failed to afford appropriate consideration to other applicable factors and collateral circumstances. However, the trial court is vested with the discretion to determine the weight assigned to particular statutory factors and other relevant circumstances.[17]
Moreover, in examining Mitchell's record, the trial court found that Mitchell had been placed on community control for prior convictions and had not always performed well under these sanctions, ultimately concluding that he had not been satisfactorily rehabilitated by previously imposed criminal penalties.[18] Thereafter, the trial court concluded, based upon his criminal record and the fact that he had previously been imprisoned, that the imposition of a prison term for the immediate offense was consistent with the purposes and principles of R.C. 2929.11 and that Mitchell was not amenable to community control sanctions.[19] These findings and corresponding factual explanations satisfy applicable statutory guidelines and are supported by the record.
Finally, Mitchell avers that public policy discourages the incarceration of repeat non-violent offenders, that the prison system is overcrowded, and that the prison term imposed creates "an unnecessary burden on state or local government resources"[20] and is incommensurate with and demeaning to the seriousness of his conduct and its impact upon the victim.[21] Appellant directs this Court to no precedent in support of his argument. Moreover, in light of Mitchell's repeat offenses, contriteness, and apparent inability to recognize the import of his actions, we do not find that an eight-month sentence constitutes an unnecessary burden upon state or local government or is incommensurate with or demeaning to the seriousness of his conduct.
Having reviewed the entirety of the record herein, we find that the trial court properly complied with the sentencing guidelines set forth in R.C. Chapter 2929 in sentencing Mitchell for the fifth degree felony offense, that the court's analysis illustrates that it fulfilled its obligation to consider appropriate sentencing guidelines, that the record supports the court's determinations, and that the sentence is not contrary to law. Accordingly, Mitchell's first and second assignments of error are overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.
[1] State v. Martin (1999), 136 Ohio App.3d 355, 362.
[2] Id.
[3] Id. at 361; see, also State v. Williams (2000), 136 Ohio App.3d 570,572.
[4] Williams, 136 Ohio App.3d at 572.
[5] State v. Black (Nov. 15, 2000), Crawford App. No. 3-2000-14, unreported, dismissed, appeal not allowed by 91 Ohio St.3d 1471.
[6] State v. Kelly (2001), 145 Ohio App.3d 277, 281; State v. Martin
(2000), 140 Ohio App.3d 326, 334-335; State v. Finch (1998),131 Ohio App.3d 571, 575; State v. Dumford (March 22, 2002), Auglaize App. Nos. 2-01-28, 2-01-29, unreported; State v. Cantiberry (Sept. 28, 2001), Hancock App. No. 5-01-14, unreported; State v. Cooper (Nov. 22, 2000), Marion App. No. 9-2000-49, unreported.
[7] Cooper, supra.
[8] R.C. 2929.14(A)(5).
[9] R.C. 2929.13(B)(2)(a).
[10] R.C. 2929.14(B).
[11] State v. Edmonson (1999), 86 Ohio St.3d 324, 326-27.
[12] Id. at 326.
[13] Id.
[14] R.C. 2929.13(B)(1)(g).
[15] R.C. 2929.12(D)(3).
[16] R.C. 2929.12(D)(5).
[17] Arnett, 88 Ohio St.3d at 215, citing State v. Fox (1994),69 Ohio St.3d 183, 193; State v. Mills (1992), 62 Ohio St.3d 357,376.
[18] R.C. 2929.12(D)(3).
[19] R.C. 2929.13(B)(2)(a).
[20] R.C. 2929.13(A).
[21] R.C. 2929.11(B).