OPINION
{¶ 1} Defendant-appellant, Brian Rose, appeals the decision of the Butler County Court of Common Pleas sentencing him to a consecutive prison term on his aggravated assault conviction.
 {¶ 2} Appellant was arrested following a "road rage" incident in which he assaulted Brian Hornsby, striking him with a car stereo speaker. Appellant was charged and subsequently pled guilty to aggravated assault, a fourth-degree felony. A presentence investigation report was prepared and reviewed by the trial court. Appellant was sentenced to a 17-month prison term which the trial court ordered he serve consecutive to the sentence imposed in another, unrelated case. He appeals, raising a single assignment of error:
 {¶ 3} "The trial court erred in imposing a 17-month sentence running consecutive to that previously imposed[.]"
 {¶ 4} In his assignment of error, appellant contends that the trial court failed to make the requisite statutory findings to impose a consecutive prison sentence, and further failed to state reasons supporting the statutory findings.
 {¶ 5} Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)-(a) through (c) applies:
 {¶ 6} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 7} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 8} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 9} When imposing consecutive sentences, the trial court must make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. R.C.2929.14(E)(4) does not require the trial court to recite the exact words of the statute to impose consecutive sentences upon an offender. Statev. Kelly (2001), 145 Ohio App.3d 277, 281. However, the trial court must state sufficient supporting reasons for the imposition of a consecutive sentence. R.C. 2929.19(B)(2)(c); State v. Boshko (2000),139 Ohio App.3d 827, 838-839.
 {¶ 10} In the present case, review of the record reveals that the trial court made none of the required statutory findings at the sentencing hearing. While the trial court stated reasons which may support the imposition of consecutive sentences, absent findings related to the statutory sentencing scheme, we must reverse and vacate the consecutive sentence imposed by the trial court and remand this matter for resentencing in accordance with R.C. 2929.14(E)(4), R.C. 2929.19(B)(2) and Comer. The assignment of error is sustained.
 {¶ 11} The judgment is reversed, appellant's sentence is vacated and this matter is remanded to the trial court for resentencing.
Valen, P.J., and Powell, J., concur.