OPINION
{¶ 1} Defendant-appellant, Timothy Sturgill, appeals a decision of the Butler County Court of Common Pleas sentencing him to 17 months in prison for one count of failure to appear after release on own recognizance. We reverse the common pleas court's decision and remand the case for resentencing.
 {¶ 2} On March 13, 2003, appellant was released on his own recognizance by Judge Oney in Case No. CR2002-05-0780. Appellant was charged with two counts of nonsupport of a dependent, fifth-degree felonies. On March 17, 2003, appellant failed to appear before the court for a pretrial hearing in connection with the charged nonsupport offenses. On April 17, 2003, he was indicted for this failure to appear, a violation of R.C. 2937.29. This case, No. CR2003-04-0564, was assigned to Judge Sage.
 {¶ 3} In a plea hearing before Judge Oney on September 29, 2003, appellant entered a guilty plea in both cases. On November 3, 2003, Judge Oney, in Case No. CR2002-05-0780, sentenced appellant to five years of community control. Two days later, appellant appeared before Judge Sage for sentencing in Case No. CR2003-04-0564. Judge Sage sentenced him as follows:
 {¶ 4} "THE COURT: I do not believe he's amenable to an available community control sanction, and will impose 17 months in the Ohio Department of Corrections, and this court sentence will be run consecutive to your sentence imposed by Judge Oney. And according to my records, the defendant is entitled to 52 days served.
 {¶ 5} "MS. KING: Judge —
 {¶ 6} "THE COURT: Yes.
 {¶ 7} "MS. KING: On Judge Oney's sentence, he received community control.
 {¶ 8} "THE COURT: Well, I just want to make sure that if he's violated, it will be run consecutive.
 {¶ 9} "MS. KING: Other than that, he's walking?
 {¶ 10} "THE COURT: I understand that."
 {¶ 11} The trial court's judgment entry states, "It is therefore ORDERED that the defendant serve a stated prison term of Seventeen (17) months in prison, consecutive to Case No. CR02-05-0780." Appellant appeals the 17-month prison sentence raising two assignments of error.[1]
 {¶ 12} Assignment of Error No. 1:
 {¶ 13} "The trial court erred in imposing a consecutive sentence, which sentence was contrary to law."
 {¶ 14} Appellant argues the imposition of consecutive sentences is contrary to relevant sentencing procedure when the trial court failed to make the required statutory findings on the record at the sentencing hearing or in its sentencing entry.[2] Further, appellant claims that the court failed to state its reasons for these findings before imposing consecutive sentences.
 {¶ 15} Pursuant to R.C. 2929.14(E)(4), a court may impose consecutive terms of imprisonment if it makes three findings. First the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(E)(4). Second, the court must find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the court must also find that one of the additional factors in R.C.2929.14(E)(4)(a)-(c) applies:
 {¶ 16} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to * * * [R.C.] 2929.16, [R.C.] 2929.17, or [R.C.] 2929.18 * * *, or was under postrelease control for a prior offense.
 {¶ 17} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses * * * was so great or unusual that no single prison term for any of the offenses * * * adequately reflects the seriousness of the offender's conduct.
 {¶ 18} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 19} When imposing consecutive sentences, the trial court must make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute to impose consecutive sentences upon an offender. State v. Kelly (2001),145 Ohio App.3d 277, 281. However, the trial court must state sufficient supporting reasons for the imposition of consecutive sentences. R.C. 2929.19(B)(2)(c); State v. Boshko (2000),139 Ohio App.3d 827, 838-39.
 {¶ 20} Judge Sage stated the following with regard to the imposition of consecutive sentences:
 {¶ 21} "THE COURT: The Court has considered all of the requirements under the Ohio Revised Code and will make the following findings, first of all, that the defendant was in a position of trust to the victims in this particular case, and specifically the children, previously served a prison term and this offense was committed while he was under community control sanctions, specifically he was under probation to Judge Oney's courtroom. Based upon that record the Court does not believe that he is amenable to an available.
 {¶ 22} "MS. KING: Your Honor, that's not correct. This case resulted from his failing to appear on the criminal nonsupport matter.
 {¶ 23} "THE COURT: Okay, so I will withdraw that. This offense was committed while the defendant was under bond for personal recognizance.
 {¶ 24} "MS. KING: Correct. {¶ 25} "THE COURT: Sorry. I do not believe he's amenable to an available community control sanction, and will impose 17 months in the Ohio Department of Corrections, and this court sentence will be run consecutive to your sentence imposed by Judge Oney."
 {¶ 26} The record does not clearly reflect that the common pleas court made the required findings pursuant to R.C.2929.14(E)(4). Based upon what the trial court may have withdrawn from the record, this court cannot determine whether the court did or did not make findings or give reasons for the required findings, namely that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. Comer requires the sentencing court to state these findings on the record at the sentencing hearing. Comer at paragraph one of the syllabus. Accordingly, we must sustain appellant's first assignment of error.
 {¶ 27} Assignment of Error No. 2:
 {¶ 28} "The trial court erred to the prejudice of defendant-appellant when it imposed a sentence beyond the statutory maximum in violation of the sixth andfourteenth amendments to the united states constitution."
 {¶ 29} Appellant argues the judicial findings required to impose a prison sentence beyond the statutory maximum violated his right to a jury trial as provided by the Sixth andFourteenth Amendments to the United States Constitution.
 {¶ 30} In support of this contention, appellant cites the recent United States Supreme Court decision of Blakely v.Washington (2004), 542. U.S. ___, 124 S.Ct. 2531, wherein the Court found the state of Washington's enhanced penalty sentencing scheme unconstitutional. We are ruling the trial court erred in imposing consecutive sentences. Thus, we must vacate appellant's sentence and remand the case for resentencing, rendering any argument regarding Blakely's application to appellant's sentence not ripe for adjudication at this time.
 {¶ 31} Judgment reversed and cause remanded to the trial court for further proceedings according to law and consistent with this opinion.
Powell, P.J., and Valen, J., concur.
[1] We have designated the assignment of error raised in appellant's "supplemental brief" as the second assignment of error.
[2] While appellant also correctly asserts that a trial court may not impose a sentence of imprisonment to be served consecutively to a potential future sentence, see State v.White (1985), 18 Ohio St.3d 340, the record is unclear as to the trial court's intent in the imposition of a consecutive sentence. Upon remand, the trial court should conduct a careful examination of appellant's judgment entry for the criminal nonsupport of dependents before resentencing.