OPINION
{¶ 1} Defendant-appellant, Billy Joe Rice, appeals the sentencing decision of the Butler County Court of Common Pleas. We affirm the trial court's decision.
 {¶ 2} Appellant pled guilty to three counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), and one count of permitting drug abuse, in violation of R.C. 2925.13. As part of his sentence he was ordered to pay fines of $1,250 on two of the trafficking counts. Appellant appeals the trial court's assessment of the fines, raising a single assignment of *Page 2 
error:
 {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED CONSECUTIVE FINES OF ONE THOUSAND TWO HUNDRED FIFTY ($1250.00) DOLLARS ON APPELLANT."
 {¶ 4} R.C. 2929.18 authorizes a trial court to impose financial sanctions upon felony offenders. As relevant to the present case, R.C.2929.18(A)(3)(e) provides that the fine for a felony of the fifth degree shall be "not more than two thousand five hundred dollars."
 {¶ 5} Before a trial court imposes such sanctions, however, the trial court "shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). There are no express factors that must be considered or specific findings that must be made. State v. Martin, 140 Ohio App.3d 326, 338, 2000-Ohio-1942. The trial court is not required to hold a hearing to comply with R.C.2929.19(B)(6), although it may choose to do so pursuant to R.C.2929.18(E). All that is required under R.C. 2929.19(B)(6) is that the trial court "consider the offender's present or future ability to pay." Id.
 {¶ 6} Compliance with R.C. 2929.19(B)(6) can be shown when a trial court considers a Presentence Investigation Report ("PSI report") that details pertinent financial information. Martin at 338-339; State v.Moore, Butler App. No. CA2002-12-307, 2003-Ohio-6255, ¶ 38. As with other aspects of a criminal sentence, an appellate court cannot modify a financial sanction unless it finds by clear and convincing evidence that it is not supported by the record or is contrary to law. See R.C.2953.08(G); State v. Dyer, Butler App. No. CA2005-05-109, 2006-Ohio-2357, ¶ 30; State v. Blanton (Mar. 19, 2001), Butler App. No. CA99-11-202.
 {¶ 7} Appellant argues in part that "the trial court should not have ordered appellant to pay a fine because he qualified as indigent and had appointed counsel at all times[.]" However, a determination that a criminal defendant is indigent for purposes of receiving *Page 3 
appointed counsel does not prohibit the trial court from imposing a financial sanction. State v. Kelly (2001), 145 Ohio App.3d 277, 283. The ability "to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings." State v. Johnson (1995), 107 Ohio App.3d 723, 728, appeal not allowed (1996), 75 Ohio St.3d 1484.
 {¶ 8} Review of the record in the instant case fails to support appellant's contention that the trial court's imposition of fines is not supported by the record or is contrary to law. Before imposing the fines, the trial court stated on the record that it had considered a PSI report, and had "considered [appellant's] resources and ability to pay." The PSI indicates that appellant was employed prior to his incarceration, and that his position is "being held until he gets out of jail." The PSI report indicates that appellant is 47 years old, healthy, and has no major medical conditions that would prevent him from working. The PSI report also states appellant listed no financial assets or obligations, and that appellant "denies ever filing bankruptcy."
 {¶ 9} We further note that appellant did not object to the amount of the fines during the sentencing hearing. Where an "offender does not object at the sentencing hearing to the amount of the fine and does not request an opportunity to demonstrate to the court that he does not have the resources to pay the fine, he waives any objection to the fine on appeal." Dyer at ¶ 30-31; State v. Frazier (Oct. 9, 1997), Cuyahoga App. No. 71675-78, at 6. Appellant consequently waived any argument concerning his ability to pay the fines. The assignment of error is overruled.
 {¶ 10} Judgment affirmed.
 POWELL, P.J., and BRESSLER, J., concur. *Page 1