The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams* (2000), 136 Ohio App.3d 570.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–99–21.

Decided Feb. 9, 2000.

*James F. Stevenson,* Shelby County Prosecuting Attorney, and *Michael F. Boller,* Assistant Prosecuting Attorney, for appellee.

*William R. Zimmerman,* Shelby County Public Defender, and *Jonathan M. Richard,* Assistant Public Defender, for appellant.

---

SHAW, Judge.

Defendant-appellant, Robin Slaughter Williams, appeals from the judgment of the Shelby County Court of Common Pleas sentencing her to a five-year prison sentence for aggravated vehicular homicide, a violation of R.C. 2903.06.

Defendant was indicted on one count of aggravated vehicular homicide (a felony of the third degree) and one count of failure to comply with the signal of a police officer (a felony of the fourth degree). On July 7, 1999, through plea negotiations, defendant pled guilty to the aggravated vehicular homicide charge and the matter was referred to the probation department for a presentence investigation report. At the conclusion of the sentencing hearing held on August 10, 1999, the trial court sentenced defendant to a term of five years in prison. The court filed a judgment entry to that effect on August 16, 1999.

On appeal, defendant raises the following assignment of error for our review:

"The trial court erred as a matter of law by imposing a maximum prison sentence to the appellant which is contrary to R.C. 2929.11 through R.C. 2929.19."

Defendant asserts that the trial court failed to strictly comply with the felony sentencing statutes in imposing the maximum five-year sentence on the aggravated vehicular homicide charge and relies on our previous decisions in *State v. Martin* (1999), 136 Ohio App.3d 355, 736 N.E.2d 907, and *State v. Johnson* (June 30, 1999), Auglaize App. No. 2–98–39, unreported, 1999 WL 455301.

If the trial court decides to impose the maximum authorized sentence on an offender of a felony who has previously served a prison term, as in this case, R.C. 2929.14(C) provides that the court "may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, [or] upon offenders who pose the greatest likelihood of committing future crimes * * *."

R.C. 2929.19 requires:

"(B)(1) *At the sentencing hearing,* the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.

"(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

"* * *

"(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term[.]" (Emphasis added.)

In *State v. Johnson, supra,* at *6, this court succinctly summarized our *Martin* decision as follows:

"[I]t is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14 and 2929.19 which, in effect, determine a particular sentence and that a sentence unsupported by those findings is both incomplete and invalid. Further, we concluded that such findings must be made on the record at the sentencing hearing.

"* * *

"In *Martin,* we require trial courts to strictly comply with the aforementioned sentencing statutes. This means that at the sentencing hearing, the trial court must clearly recite the findings required by the statutes and, when necessary, state the particular reasons for making those findings."

■ Furthermore, the Supreme Court of Ohio has recently addressed the issue of the statutory requirements for imposing a maximum term of imprisonment that defendant's assignment of error raises. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. In that case, the Ohio Supreme Court stated: "R.C. 2929.14(C) and 2929.19(B)(2)(d) prevent a court from imposing a maximum sentence for a single offense unless the court records findings that give its reasons for selecting the maximum." *Id.* at 325, 715 N.E.2d at 133. Thus, the record must reflect that the trial court found that the offender fits within one of the categories listed in R.C. 2929.14(C) and made the necessary "finding that gives its reasons" for imposing the maximum sentence. *Id.* at 329, 715 N.E.2d at 135. While the court does not specifically refer to the sentencing hearing in its discussion of R.C. 2929.14(C), it is clear from the court's reference to R.C. 2929.14(B) earlier in the opinion that the court's use of the term "record" refers to the record of the sentencing hearing and not merely the judgment entry.

■ At defendant's sentencing hearing, the trial court explained that the passenger in the vehicle driven by defendant was killed as a result of an attempt to elude the police and that defendant could have killed others in the chase. The trial court also noted that defendant had a lengthy criminal record and, in fact, had committed serious offenses. While the sentencing hearing record reflects that the court may have considered the seriousness and recidivism factors contained in R.C. 2929.12, the trial court, however, did not specify on this record

one of the reasons listed in R.C. 2929.14(C) as supporting its decision to impose the maximum prison term. We note that the court did specify the appropriate finding as to the worst form of the offense in its judgment entry of sentencing. However, a finding in the judgment entry alone is not sufficient. In *Martin*, we rejected our prior rule in *State v. Lazenby* (Nov. 13, 1998), Union App. No. 14–98–39, unreported, 1998 WL 812055, "requiring the trial court to include such findings in its sentencing judgment entry, although we expressed the further view that the better practice would be to do so." *State v. Johnson, supra.*

Because the trial court's sentencing fails to meet the statutory requirements, we therefore vacate the court's sentence and remand this cause to the trial court for resentencing. Defendant's assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and WALTERS, J., concur.