I disagree with the majority's disposition of the thirteenth assignment of error based on my dissent in State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported. Moreover, in its recent decision in Woods v.Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus, the Ohio Supreme Court mandated that a trial court "inform the defendant atsentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence," thus reinforcing my dissent in Riggs
that the findings and reasons, when required, be placed on the record at the sentencing hearing. (Emphasis added.) See, also, State v. Williams
(2000), 136 Ohio App.3d 570, 572 (interpreting Edmonson as requiring the trial court to make the findings and give its reasons for imposing a maximum term of imprisonment on the record at the sentencing hearing, and not merely in the judgment entry); State v. Martin (1999),136 Ohio App.3d 355. Accordingly, I would sustain the thirteenth assignment of error and remand for re-sentencing. I concur with the majority's resolution of the remaining assignments of error.