With regard to Defendant's twelfth assignment of error, I respectfully disagree with the majority's conclusion that the trial court made the requisite findings on the record when it sentenced Defendant to consecutive sentences. Such findings must be made on the record at thesentencing hearing. See State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 7-9 (Whitmore, J., dissenting). Moreover, in its recent decision in Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus, the Ohio Supreme Court mandated that a trial court "inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence," thus reinforcing my dissent in Riggs that the findings and reasons, when required, be placed on the record at the sentencing hearing. (Emphasis added). See, also, State v. Williams (2000), 136 Ohio App.3d 570, 572
(interpreting Edmonson as requiring the trial court to make the findings and give its reasons for imposing a maximum term of imprisonment on the record at the sentencing hearing and not merely in the judgment entry);State v. Martin (1999), 136 Ohio App.3d 355, 362-363. Accordingly, the trial court should set forth its findings at the sentencing hearing when imposing consecutive sentences.
I concur with the majority's disposition of Defendant's remaining assignments of error.