concurs in part and dissents in part:
While I concur in the majority's disposition of Defendant's second and third assignments of error, I must respectfully dissent from its handling of Defendant's argument regarding his sentence. The majority concludes that it is sufficient that the trial court made the proper findings in its journal entry, while I believe that the trial court must make these findings at the sentencing hearing.
The findings required in R.C. 2929.14(B) and State v. Edmonson (1999),86 Ohio St.3d 324, must be made on the record at the sentencing hearing. See State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 7-9 (Whitmore, J., concurring in part, dissenting in part). Indeed, the Ohio Supreme Court has mandated that a trial court "must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." (Emphasis added). Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus. This logic reinforces my dissent in Riggs. Thus, the findings and reasons, when required, must be placed on the record at the sentencing hearing. See, also, State v. Williams (2000),136 Ohio App.3d 570, 572 (interpreting Edmonson as requiring the trial court to make the findings and give its reasons for imposing a maximum term of imprisonment on the record at the sentencing hearing and not merely in the judgment entry); State v. Martin (1999), 136 Ohio App.3d 355,362-363.
At the sentencing hearing, when asked to place on the record her findings for sentencing Defendant to more than the minimum, the trial court stated, "I will find that he is a danger to the community, that this is the worst form of the offense based not only upon intercourse with a child of 11 years of age, but of the continual mind games that this Defendant chose to play with this child." While a trial court is not required to employ the statutory talismanic language when making its findings, see Riggs, supra, at 3, the court's statements in this case are insufficient. Therefore, I would hold that the trial court failed to comply with the requirements of Edmonson and R.C. 2929.14(B).