I respectfully disagree with the majority's finding that the trial court made the requisite findings to impose consecutive sentences. I concur with the balance of the opinion.
The trial court stated two findings with respect to consecutive sentences on the record at the resentencing hearing. The trial court wrote the third finding — the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of Linscott's conduct — in the journal entry of sentence. I have consistently held that such findings must be made on the record at the sentencing hearing. See State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 7-9 (Whitmore, J., concurring in part, dissenting in part). Moreover, in Woods v. Telb
(2000), 89 Ohio St.3d 504, paragraph two of the syllabus, the Supreme Court of Ohio mandated that a trial court "inform the defendant atsentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence," thus reinforcing my dissent in Riggs
that the findings and reasons, when required, be placed on the record at the sentencing hearing. (Emphasis added.) See, also, State v. Williams
(2000), 136 Ohio App.3d 570, 572 (interpreting Edmonson as requiring the trial court to make the findings and give its reasons for imposing a maximum term of imprisonment on the record at the sentencing hearing and not merely in the judgment entry); State v. Martin (1999),136 Ohio App.3d 355, 362-363.
Accordingly, I would sustain Linscott's second assignment of error in part and remand the case to the trial court with an order to set forth its findings at the sentencing hearing when imposing consecutive sentences.