OPINION
Defendant-appellant Eibis Rogers appeals the sentencing entry of the Columbiana County Common Pleas Court which was entered after he pled guilty to raping a child. The court sentenced appellant to the maximum of ten years and labeled him a sexual predator after he stipulated to this status. On appeal, appellant argues that the court failed to comply with sentencing law dealing with deviation from the minimum sentence and imposition of the maximum sentence. He also alleges that the court erred in designating him to be a sexual predator without holding a hearing. Finally, he claims ineffective assistance of counsel for failing to recognize that a sexual predator hearing is required, advising him to accept a plea agreement which recommends the maximum, failing to interview witnesses to determine if someone else abused the child, and failing to present testimony at sentencing. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE CASE
On June 1, 2000, appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b) for engaging in sexual conduct with a child less than thirteen years of age. The indictment also contained a force specification under R.C. 2907.02(B). This specification states that whoever violates R.C. 2907.02(A)(1)(b) and purposely compelled the victim to submit by force or threat of force shall be imprisoned for life.
The incidents of rape were alleged to have occurred against a female child from Spring 1998 through February 2000. The child attended the day care run by appellant's wife. The child was born August 18, 1993. Hence, she was just over four and one-half years of age when the molestations started and six and one-half years of age when it concluded. According to the bill of particulars, the acts of sexual conduct against the child included fellatio and anal sex.
On January 22, 2001, appellant entered a plea of guilty to rape and stipulated to his status as a sexual predator. In return, the state dropped the force specification but stated that it would recommend the maximum sentence of ten years on the rape charge. The plea hearing was properly and thoroughly conducted. A presentence investigation was ordered, and a sentencing hearing was scheduled for February 16, 2001. The child's mother opined that ten years is not enough and that her child would remember this for the rest of her life. At sentencing, the court accepted the state's recommendation and sentenced appellant to the maximum of ten years. The court also labeled appellant to be a sexual predator as stipulated.
Appellant's trial counsel filed timely notice of appeal. Appellant was then appointed new counsel for purposes of appeal. Counsel filed a no merit brief in August 2001 and sought to withdraw. After receiving notice from this court, appellant filed a pro se appellate brief, and the state responded.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth four assignments of error; the first two provide as follows:
 "THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO A TERM OF INCARCERATION GREATER THAN THE MINIMUM TERM WITHOUT MAKING THE REQUIRED FINDINGS ON THE RECORD THAT THE MINIMUM TERM WOULD DEMEAN THE SERIOUSNESS OF THE OFFENSE OR NOT ADEQUATELY PROTECT THE PUBLIC."
 "APPELLANT HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE SENTENCE IMPOSED IN THE CASE AT BAR, BECAUSE IT DID NOT COMPORT WITH OHIO'S NEW SENTENCING SCHEME."
Appellant contends that the court erred in deviating from the minimum sentence of three years because he had never served a prior prison term and the court failed to find on the record that either the minimum would demean the seriousness of the offense or the minimum would not adequately protect the public as required by R.C. 2929.14(B). He also alleges that the court failed to set forth reasons in support of a maximum sentence as required by R.C. 2929.14(C) and 2929.19(B)(2)(d).
In pertinent part, the court stated the following at the sentencing hearing:
 "I have reviewed the presentence report, and based on the presentence report I do find that the maximum sentence is appropriate in this case based on the type of crime, the numerous occasions this took place. I think that less than the maximum would demean the seriousness of the offense.
 I think the public does require to be protected, whether it's here or in the country that Mr. Rogers is going to when he is deported." (Tr. 8).
The court's sentencing entry then repeats these findings and gives additional reasons in support of its refusal to impose a lesser sentence. The court points out that he was originally charged with a force specification that carried a mandatory life sentence, which the state dropped in return for his plea. The court found that appellant committed the most serious type of this offense because force was used, the victim was very young, the appellant was in an in loco parentis
relationship with the child, and the trauma to the child appears to be lifelong.
Although the court did not explicitly state that a minimum sentence would demean the seriousness of the offense or that a minimum sentence would not adequately protect the public, the exact language of the statute is not talismanic. State v. White (1999), 135 Ohio App.3d 481,486. At the hearing and in the sentencing entry, the court stated that any sentence less than the maximum of ten years would demean the seriousness of the offense. The court alternatively noted that the public in this country and in the country of future deportation requires protection from appellant. Obviously, if anything less than ten years would demean the seriousness of this offense, then the minimum of three years would demean the seriousness of the offense. See State v. Palmer
(Nov. 19, 2001), Mahoning App. No. 99CA6, unreported, citing State v.White (1999), 135 Ohio App.3d 481. The court's language demonstrates more than substantial compliance with the statute. As such, the court's findings were sufficient to deviate from the minimum sentence.
As for imposition of the maximum sentence, a court can only impose the maximum sentence on offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, and upon certain major drug offenders or repeat violent offenders. R.C. 2929.12(C). If the court finds that one of these circumstances exist, the court must state the finding and state its reasons in support of that finding. R.C. 2929.19(B)(2)(d). State v.Edmonson (1999), 86 Ohio St.3d 324, 328-329.
Here, the court did not make a finding of worst form of the offense or greatest likelihood of recidivism at the hearing. However, the sentencing entry specifically opines that appellant committed the worst form of the offense. See, e.g., State v. Rich (Oct. 30, 2001), Pickaway App. Nos. 00CA46 and 00CA47, unreported; State v. Monroe (May 8, 2001), Franklin App. No. 00AP752, unreported; State v. Jackson (April 20, 2001), Lake App. No. 99l-134, unreported (stating that both the judgement entry and sentencing transcript can be evaluated to determine whether the record reflects the findings and reasonings); State v. Akers (June 2, 2000), Sandusky App. No. S-99-0356, unreported. But, see, State v. Williams
(2000), 136 Ohio App.3d 570 (where the Third District disagrees with the other districts' conclusion that the judgment entry is part of the record).
Finally, the reasons for the finding that this was one of the worst forms of the offense are then outlined. These reasons include the numerous occasions that appellant raped the child, the tender age of the child, the lasting trauma to the child, the protection required by the public from appellant, the in loco parentis relationship that appellant had with the child, and the dropped force specification. Thus, the court properly imposed the maximum sentence.
Appellant also briefly argues that the court failed to consider mitigating factors. He cites R.C. 2929.12(C)(4) and states that his conduct was less serious than conduct normally constituting the offense. He also cites R.C. 2929.12(E) and states that he is not likely to commit future crimes because he has no prior convictions and he shows genuine remorse. Firstly, multiple rapes which include anal sex and fellatio starting when a child is age four and one-half years of age and continuing for almost two years is not conduct that is "less serious than conduct normally constituting the offense" of rape of a child under thirteen. Secondly, appellant stipulated to being characterized as a sexual predator, and thus, he admitted that he is likely to commit future sex offenses. This argument is without merit.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error provides:
 "THE TRIAL COURT ERRED IN ADJUDICATING APPELLANT A SEXUAL PREDATOR, AND DOING SAME WITHOUT A HEARING."
Appellant states that a sexual predator hearing must be held at which the court must consider the facts and find the status by clear and convincing evidence. As the state points out, appellant waived his right to a hearing and stipulated that he is a sexual predator. This was part of the state's plea offer. They agreed to drop the force specification with mandatory life imprisonment in return for his guilty plea and stipulation to a sexual predator designation. There is no argument that his stipulation and plea were not voluntary, knowing and intelligent.
However, because this is a pro se brief filed after counsel filed a no merit brief, we shall mention the plea. As for the plea in general, appellant read judicial advice, wrote answers showing his understanding of his rights, and more importantly, engaged in a Crim.R. 11 plea colloquy with the court at the plea hearing. All relevant points were covered, including the deportation issue.
As for the sexual predator stipulation itself, the transcript reveals that the waiver of the hearing and stipulation were done knowingly, intelligently and voluntarily. The court informed him that it is required to hold a hearing to determine his status as a sexual predator. (Tr. 10). The court asked if he was stipulating to that status. (Tr. 10-11). Prior to accepting the stipulation, the court disclosed that when he is released he will have to report his address for the rest of his life and that public notices would be issued regarding his address. (Tr. 11). Thus, we find no error in accepting the sexual predator stipulation, foregoing the hearing, and entering a sexual predator finding. See,e.g., State v. Carnail (Nov. 8, 2001), Cuyahoga App. No. 78921, unreported, 1; State v. Maggy (Sept. 26, 2001), Medina App. No. 3127-M, unreported, 1; State v. Wiggins (Aug. 23, 2001), Cuyahoga App. No. 78598, unreported, 1; State v. Bittner (May 11, 2001), Montgomery App. No. 18607, unreported, 2.
 ASSIGNMENT OF ERROR NUMBER FOUR
Appellant's fourth and final assignment contends:
 "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I § 10 OF THE OHIO CONSTITUTION."
In order to prevail on a claim of ineffective assistance of counsel, the defendant has the burden of proving two things: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that counsel's deficiency prejudiced the defense in that there is a reasonable probability that the outcome would have been different were it not for serious errors made. State v. Reynolds
(1998), 80 Ohio St.3d 670, 674, citing Strickland v. Washington (1984),466 U.S. 668, 687.
First, appellant alleges ineffective assistance by counsel's failure to recognize that R.C. 2950.09(B) requires a sexual predator hearing. This issue was addressed supra where we stated that the hearing is not required where the stipulation is made. Hence, counsel is not deficient for failing to demand a hearing after stipulating to a sexual predator designation.
It is also not ineffective to allow a client to stipulate to this designation where: (1) the force specification mandating life in prison will be dropped; and (2) the sexual predator label is extremely likely to result anyway since he repeatedly over the course of two years orally and anally raped a child who was four and one-half years of age when it started. This is a tactical, strategical choice made to avoid the possibility of life in prison.
Appellant also alleges ineffective assistance of counsel who allowed him to accept a plea whereby the state recommends the maximum. He urges that it is only a plea-bargain if the defendant gets a deal, and the maximum is no deal. However, appellant fails to recognize that the "deal" was the dismissal of the force specification which carried mandatory life imprisonment. Thus, counsel's performance in the plea negotiations was not deficient.
Next, appellant complains that his counsel did not question witnesses to determine if the allegations were true. He believes it is significant that no other children from his wife's day care have accused him of molesting them. Initially, we should note that pretrial filings demonstrate that counsel hired an investigator and received court permission to hire a medical expert to evaluate the evidence concerning the child's internal injuries. Further, there is nothing in the record before us to demonstrate these allegations involving lack of investigation.
Appellant then complains that counsel presented no testimony or evidence at the sentencing hearing to assist in receiving a lower sentence. Nevertheless, counsel made arguments in support of a sentence less than the maximum. Moreover, appellant exercised his allocution rights by stating, "I'm just sorry, I don't know why I done it. I shouldn't have." (Tr. 7). The presentence report was before the court which outlined the lack of prior offenses and his claim about his background. Finally, there is nothing in the record to establish that there was testimony or evidence to present in mitigation. Accordingly, this assignment of error is overruled.
 INDEPENDENT REVIEW
Since this case is before us on a no merit brief and subsequently a prose appellate brief, we are required, pursuant to Anders v. California
(1967), 386 U.S. 738, to thoroughly and independently review the record to determine that counsel made a diligent effort to find an appealable, nonfrivolous issue. See, also, State v. Toney (1970), 23 Ohio App.2d 203. This court therefore undertook a full examination of the record. We read the short plea transcript to ensure that the court complied with Crim.R. 11. We read the sentencing transcript. We reviewed the entire contents of the file, combing all documents for hints of error. We ordered the sealed presentence investigation report from the Adult Probation Authority. Yet, we can find no appealable issues. We have addressed the pro se
assignments of error and any related issues and have found them to be without merit.
For the foregoing reasons, counsel's motion to withdraw is granted, and the judgment of the trial court is hereby affirmed.
Donofrio, J., and DeGenaro, J., concurs.