OPINION
{¶ 1} Defendant-appellant Jason McCarthy appeals from the decision of the Belmont County Common Pleas Court which sentenced him to ten years in prison after he pled guilty to rape and which designated him a sexual predator after he stipulated to this classification. We are presented with issues of deviation from the minimum sentence, imposition of the maximum sentence, and ineffective assistance of counsel regarding sentencing and waiver of the sexual predator hearing. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In April 2001, appellant was charged with rape in violation of R.C. 2907.02(A)(1)(b), a first degree felony. The elements of this offense include engaging in sexual conduct with a person under the age of thirteen. Apparently, appellant engaged his male cousin in sexual conduct sometime between February 1, 2000 and June 10, 2000 (the day before the victim's thirteenth birthday).
 {¶ 3} On June 11, 2001, appellant pled guilty as charged. He also stipulated to being a sexual predator. The guilty plea and sexual predator classification were journalized the next day. A sentencing hearing was held on June 25, 2001. The victim's therapist testified that the trauma to the victim resulted in behavioral and mood-related problems which caused the victim to enter a youth center where he has been residing for the past ten months. Appellant apologized to all involved. Thereafter, the trial court sentenced appellant to a ten-year maximum sentence. Appellant then filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 4} Appellant's first assignment of error contends that he was deprived of due process of law because:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT SENTENCED MR. MCCARTHY, A FIRST TIME OFFENDER, TO A GREATER-THAN-MINIMUM TERM OF IMPRISONMENT WITHOUT ENGAGING IN THE ANALYSIS REQUIRED BY R.C. 2929.14(B)."
 {¶ 6} Pursuant to R.C. 2929.14(B), where an offender has not previously served time in prison, the court shall impose the minimum sentence unless the court finds on the record that the minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public. Here, appellant concedes that the court's sentencing entry sets forth both of the alternative findings for deviating from the minimum sentence. However, appellant urges that the trial court must orally state all required findings in support of deviation from the minimum at the sentencing hearing. He states that we may not review the sentencing entry to find compliance.
 {¶ 7} Although at one point the Supreme Court mentioned "the sentencing hearing record," in State v. Edmonson (1999), 86 Ohio St.3d 324,1999-Ohio-110, the Court itself evaluated both the transcript and the judgment entry to determine whether a proper finding for deviating from the minimum was made. Id. at 326-328. We have recently held that the appellate court may view the sentencing transcript and the sentencing entry to determine if the court properly made its findings on the record. State v. Rogers, 7th Dist. No. 01CO5, 2002-Ohio-1150, at ¶ 16. Other districts have also held that the reviewing court can view both the sentencing entry and the transcript. See, e.g., State v. Pruiett, 9th Dist. No. 20518, 2001-Ohio-7016; State v. Jackson (Apr. 20, 2001), 11th Dist. No. 991-134; State v. Wilson (Nov. 13, 2000), 12th Dist. No. CA99-08-024; State v. Akers (June 2, 2000), 6th Dist. No. S-99-0356. Some courts have even opined that the sentencing entry is the preferable place to make the findings. State v. Williams, 7th Dist. No. 00CA206, 2001-Ohio-3488, ¶ 11. See, also, State v. Rich, 4th Dist. Nos. 00CA46 and 00CA47, 2001-Ohio-2613; State v. Monroe (May 8, 2001), 10th Dist. No. 00AP752. We note that the Third Appellate District disagrees with the above-cited districts and believes that the record means only the sentencing transcript. State v. Williams (2000), 136 Ohio App.3d 570,572-573. Following the precedent of this court and the trend in most other courts, we find appellant's argument (that the findings must be apparent in the sentencing transcript) to be without merit. We do note, however, that the issue is currently pending before the Ohio Supreme Court after certification of conflict between State v. Comer (Jan. 25, 2002), 6th Dist. No. L-9901296 and Williams, 136 Ohio App.3d 570.
 {¶ 8} While we ordinarily would refrain from deciding an issue which is pending before this state's Supreme Court, we do not do so in this instance because this assignment of error can be overruled on an alternative ground. Specifically, findings for deviation from the minimum are not required when the maximum sentence is properly imposed. Prior to announcing the required findings available for deviating from the minimum, R.C. 2929.14(B) is prefaced with the phrase, "[e]xcept as provided in division (C) [which is the maximum sentence division] * * *." This quote is an explicit statutory exception to the requirement of findings for deviating from the minimum. Hence, if the court properly imposes the maximum sentence, then it need not concern itself with making a finding for deviating from the minimum. State v. Palmer, 7th Dist. No. 99CA6, 2001-Ohio-3445, at ¶ 13. See, also, State v. Scott (Sept. 21, 2001), 7th Dist. No. 98CA124; State v. Moore (Sept. 10, 2001), 12th Dist. No. CA2001-01-001; State v. Jackson (Aug. 20, 1999), 1st Dist. No. C-980512. Cf. State v. Halmi (Aug. 16, 2001), 8th Dist. No. 78485 withState v. Berry (June 14, 2001), 8th Dist. No. 78187 (and notice that the Eighth District switches depending on the panel of judges). The fact that the Edmonson Court did not address this issue is irrelevant as the maximum sentence was not properly imposed in that case. Moreover, contrary to appellant's suggestion, State v. Jones (2001),93 Ohio St.3d 391 is not on point as the maximum sentence was not imposed by the trial court in that case. As such, if the trial court properly imposed the maximum sentence (analyzed infra), then, pursuant to the plain language of the minimum sentencing statutory division, the trial court was not even required to make any findings regarding the minimum sentence. This leads into the next assignment of error.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 9} Appellant's second assignment of error alleges that he was deprived of due process of law because:
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT SENTENCED MR. MCCARTHY TO A MAXIMUM TERM OF IMPRISONMENT UPON A RECORD INADEQUATE TO SUPPORT SUCH A FINDING UNDER R.C. 2929.14(C) AND R.C. 2929.19(B)(2)(d)."
 {¶ 11} Pursuant to R.C. 2929.14(C), a trial court may only impose the maximum sentence if it finds that the defendant falls into one of the following four categories: he committed one of the worst forms of the offense; he poses the greatest likelihood of committing future crimes; he is a major drug offender; or he is a repeat violent offender. The court must not only state its finding of which category fits the offender's behavior but must also state its reasons supporting imposition of the maximum sentence. R.C. 2929.19(B)(2)(d).
 {¶ 12} The court found that appellant "poses a great likelihood of committing future crimes of this nature." (Tr. 6). Although magic or talismanic words are not required, it is prudent for a trial court to mimic the statute's language to avoid issues such as these presented in the matter before this court. We hold that "a great" and "the greatest" are not synonymous. We note that a court could substitute "recidivism" for "likely to commit future crimes." It could substitute "risk" for "likelihood." It could substitute "highest" for "greatest." However, it cannot state "a great" in place of "the greatest." See, e.g., Edmonson,86 Ohio St.3d at 328-329 (holding that "recidivism is likely" is an insufficient finding). Thus, we cannot rely on this finding to support a maximum sentence.
 {¶ 13} Nonetheless, the trial court made an alternative finding for imposing the maximum sentence. At the sentencing hearing, the court opined that appellant committed the worst form of the offense. (Tr. 6). Appellant concedes the court complied with R.C. 2929.14(C) but disputes that the court sufficiently supported this finding with reasons as required by R.C. 2929.19(B)(2)(d) and argues that the record does not support the conclusion that he committed one of the worst forms of the offense of rape. We disagree with this contention.
 {¶ 14} After making its finding that appellant committed the worst form of the offense, the trial court listed the following supporting reasons: appellant took advantage of his relationship with the victim since he was the victim's cousin; the offense caused very serious psychological harm to the victim, depriving him of his mental health and depriving him of his freedom as he was required to live at a special facility for the past ten months due to his mood-related problems being exacerbated by appellant's offense; appellant has prior delinquencies; appellant has demonstrated a pattern of drug or alcohol abuse as appellant claimed to be high on marijuana and cocaine at the time of the offense. The court noted that, although appellant has no prior criminal conviction, the severity of the psychological harm to the victim and the fact that appellant took advantage of the victim, tips the scale toward the maximum sentence. (Tr. 6).
 {¶ 15} Appellant complains that prior delinquencies would be a reason falling under a recidivism finding, not a worst form of offense finding. Regardless, the court set forth other reasons. Appellant points out that he did not cause physical injury and posits that the victim's age does not support a finding of the worst form of the offense in this case because: the age, under thirteen, is an element of the relevant rape charge; all victims of this offense are this victim's age or younger; and the victim's age was at the highest end of the spectrum. He proposes that the worst form of this offense finding should be reserved for the rape of a toddler or infant. It is true that the mere age of almost thirteen would not support a worst form of the offense finding for one convicted of rape of a child under thirteen as the victim was one of the oldest possible victims for this offense. Yet, contrary to appellant's contention, the trial court did not rely on the victim's age as one of its supporting reasons for its finding under R.C. 2929.14(C). (Any mention of the victim's young age occurred in the judgment entry when the court checked a box asking if the age of the victim worsened the victims' injury; this fell under a heading for R.C. 2929.12 dealing with seriousness and recidivism factors.)
 {¶ 16} We cannot say that the trial court improperly characterized this offense as one of the worst forms of the offense. It was within the court's discretion to opine that very severe psychological harm, taking advantage of a relationship with a cousin, and being high on cocaine and marijuana during the rape support a finding that this was one of the worst forms of the offense. We note that the trial court's focus on the relationship of cousin supports the finding that the offense is the worst form because it also constituted incest. Hence, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 17} Appellant's third assignment of error argues:
 {¶ 18} "MR. MCCARTHY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16
OF THE OHIO CONSTITUTION WHEN DEFENSE COUNSEL FAILED TO OBJECT TO THE TRIAL COURT'S FAILURE TO COMPLY WITH R.C. 2929.14(B) AND (C), AND 2929.19(B)(2)(d)."
 {¶ 19} Appellant argues that his counsel was ineffective for failing to inform the court that it was required to make findings for deviating from the minimum and findings and reasons for imposing the maximum. However, these sentencing issues as presented under the first and second assignments of error and are appealable regardless of objection below. This assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER FOUR {¶ 20} Appellant's fourth and final assignment of error contends:
 {¶ 21} "MR. MCCARTHY WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16
OF THE OHIO CONSTITUTION WHEN DEFENSE COUNSEL WAIVED THE SEXUAL PREDATOR CLASSIFICATION HEARING AND STIPULATED TO A DESIGNATION OF MR. MCCARTHY AS A SEXUAL PREDATOR WHEN THERE WAS NO REASONABLE BASIS TO DO SO."
 {¶ 22} Pursuant to R.C. 2950.01(E), a sexual predator is a person who is found guilty of a sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future. This status must be proven by clear and convincing evidence after a hearing is held. R.C. 2950.09(B). However, a defendant can waive his right to a hearing and stipulate that he should be classified as a sexual predator.Rogers, 7th Dist. No. 01CO5, at ¶ 23 (citing cases from the Second, Eighth, and Ninth Appellate Districts).
 {¶ 23} In order to prevail on a claim of ineffective assistance of counsel, the defendant has the burden of proving (1) that counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) that counsel's deficiency prejudiced the defense, in that there is a reasonable probability that the outcome would have been different were it not for serious errors made. State v.Reynolds (1998), 80 Ohio St.3d 670, 674, citing Strickland v. Washington
(1984), 466 U.S. 668, 687. Appellant argues that his attorney rendered deficient performance which prejudiced appellant when he allowed appellant to waive the hearing and stipulate to the classification.
 {¶ 24} As for prejudice, appellant believes that he had a good chance of prevailing on the sexual predator classification because he is a first-time sexual offender who showed remorse. The state argues that appellant was not prejudiced because it still would have proved his sexual predator status by clear and convincing evidence if the hearing had proceeded, and thus, there is no reasonable probability that the outcome would have been different.
 {¶ 25} However, prejudice is not analyzed unless a deficiency is first proven. Appellant claims that the attorney's advice was not a reasonable tactical decision because appellant gained nothing by stipulating to his status as a sexual predator. However, a plea and/or stipulation does not become voidable merely because the state gave nothing in return; some defendants plead and stipulate because they agree with the state's allegations. Nonetheless, in this case, the state agreed to stand silent as to the term of incarceration; hence, appellant did receive something.
 {¶ 26} In conclusion, if the decision to enter a sexual predator stipulation was made knowingly and voluntarily by appellant, then counsel did not render deficient performance. See Rogers, 7th Dist. No. 01CO5. The court inquired of appellant on the record as to his decision and advised him of the ramifications. More importantly, there is no allegation that appellant's stipulation was not voluntary or knowing. In accordance, this assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.