{¶ 1} I respectfully disagree with the majority's conclusion that the trial court made the requisite findings on the record when it sentenced appellant to consecutive terms of imprisonment. Such findings must be made on the record at the sentencing hearing. See State v. Riggs
(Oct. 11, 2000), 9th Dist. No. 19846, at 7 (Whitmore, J., concurring in part and dissenting in part). Moreover, in Woods v. Telb (2000),89 Ohio St.3d 504, paragraph two of the syllabus, the Ohio Supreme Court mandated that a trial court "inform the defendant at sentencing or at thetime of a plea hearing that post-release control is part of the defendant's sentence," thus reinforcing my dissent in Riggs that the findings and reasons, when required, be placed on the record at the sentencing hearing. (Emphasis added.) See, also, State v. Williams
(2000), 136 Ohio App.3d 570, 572 (interpreting Edmonson as requiring the trial court to make the findings and give its reasons for imposing a maximum term of imprisonment on the record at the sentencing hearing and not merely in the judgment entry); State v. Martin (1999),136 Ohio App.3d 355, 362-363.
{¶ 2} Accordingly, I would sustain appellant's assignment of error and remand this case to the trial court with an order to set forth the necessary findings at the sentencing hearing when imposing consecutive terms of imprisonment.