OPINION
[¶ 1] Defendant-Appellant, Tamra Doss ("Appellant"), appeals a decision by the Wyandot Common Pleas Court sentencing her to a maximum term of imprisonment for involuntary manslaughter, a first-degree felony. Having reviewed the entirety of the record herein, we find that the trial court properly complied with the sentencing guidelines set forth in R.C. Chapter 2929 in its determination. Accordingly, we affirm the trial court's judgment.
[¶ 2] Facts and procedural posture pertinent to the issues raised on appeal are as follows. On May 13, 2002, the Wyandot Grand Jury indicted Appellant for two counts of murder in violation of R.C. 2903.02(A) and 2903.02(B). The events underlying the indictment consisted of Appellant stabbing and killing her husband during an argument. Pursuant to a negotiated plea agreement, Appellant pled guilty to a lesser offense, involuntary manslaughter, a first-degree felony. After a pre-sentence investigation report was completed, Appellant was sentenced to a ten-year term of imprisonment, the maximum for this offense. From this decision, Appellant appeals, asserting a single assignment of error for our review.
 Assignment of Error I [¶ 3] "The trial court erred as a matter of law and committed reversible error in imposing the maximum sentence for the offense upon the Defendant-Appellant when the facts did not support the statutory requirements for such a sentence."
[¶ 4] Within her assigned error, Appellant maintains that in imposing the maximum term of imprisonment, the trial court misapplied the statutory factors when determining that Appellant is likely to recidivate.
[¶ 5] The structure of Ohio sentencing law provides that the trial court's statutory findings determine the sentence imposed.[1] A trial court must be in strict compliance with the relevant sentencing statutes by making all necessary findings on the record at the hearing on sentencing.[2] A sentencing court need not, however, recite the exact words of the statute so long as the record clearly indicates that the court considered applicable sentencing guidelines and set forth appropriate findings and reasons in support of its determination.[3]
 [¶ 6] R.C. 2953.08(G)(2) authorizes appellate courts to increase, reduce, or otherwise modify or vacate a sentence and remand the matter to the trial court for re-sentencing if, by clear and convincing evidence, the record does not support the sentencing court's findings under R.C.2929.13(B) or (D), 2929.14(E)(4), or 2929.20(H), or if the sentence is otherwise contrary to law.[4] An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims."[5]
 [¶ 7] A felony of the first degree warrants a definite prison term of three, four, five, six, seven, eight, nine, or ten years,[6] and it is presumed that a prison term is necessary to comply with the purposes and principles of sentencing under R.C. 2929.11.[7] Where, as here, a prison term is imposed upon an offender for a felony and the offender has not previously served a prison term, R.C. 2929.14(B) directs the court to impose the shortest term unless it finds on the record that "the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." If the court makes this preliminary finding, it may then impose the maximum term upon concluding, among other things, that the offender committed one of the worst forms of the crime or that the offender poses the greatest likelihood of committing future crimes.[8] In making a determination as to whether an offender is likely to commit future crimes, R.C. 2929.12 enumerates a nonexclusive list of seriousness and recidivism factors that sentencing courts must consider. Courts are also permitted to contemplate any other circumstances or factors that are relevant to achieving the purposes and principles of sentencing.[9]
 [¶ 8] In this case, the trial court found, pursuant to R.C.2929.14(B), that "the shortest prison term possible would demean the seriousness of the offense[.]" As such, in light of R.C. 2929.14(C), the trial court proceeded to find that a maximum term was warranted because Appellant "poses the greatest likelihood of recidivism." In considering Appellant's likelihood of recidivism, pursuant to R.C. 2929.12(D), the court discussed Appellant's criminal history, including convictions for possession and sale of illegal drugs, forging prescriptions, and child endangering.[10] The trial court also noted that Appellant was not above lying to authorities in order to appear innocent, which was evidenced by Appellant's past attempt to stab herself and accuse the person who reported her to the police for child endangerment. The court further found that Appellant has violated probation in the past and had absconded from California while under supervision, leading to a current warrant for her arrest in that state. This supports the finding that Appellant has not favorably responded to previously imposed sanctions.[11]
The trial court further noted that Appellant has substance abuse issues and has engaged in a pattern of turbulent relationships, where she has been both the abused and the abuser.
[¶ 9] Notwithstanding the above cited justifications for imposing the maximum term, Appellant maintains that the trial court did not properly consider the factors supporting a lesser likelihood of recidivism in R.C. 2929.12(E), specifically claiming that she lacks a juvenile record, that the offense was committed under circumstances not likely to recur, and that she is remorseful for her crime,[12] should outweigh the likelihood of recidivism factors found by the trial court. However, while three of the five factors listed in R.C. 2929.12(E) arguably apply to Appellant, trial courts are provided significant discretion in determining the weight to be assigned to these and other statutory factors.[13] The trial court was, therefore, free to find that the remaining factors weigh heavily against her, including that she has previous criminal convictions and has not led a law abiding life for a significant number of years preceding the instant offense.[14]
Furthermore, her argument is tenuous when taken in conjunction with the court's findings under R.C. 2929.12(D).
¶ 10 Having reviewed the entirety of the record herein, we find that the trial court properly complied with the sentencing guidelines set forth in R.C. Chapter 2929 in imposing the maximum sentence. The court's analysis illustrates that it fulfilled its obligation to consider appropriate sentencing guidelines, the record supports the court's determinations, and the sentence is not otherwise contrary to law. Accordingly, Appellant's assignment of error is overruled.
[¶ 11] Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW, P.J. and HADLEY, J., concur.
[1] State v. Martin (1999), 136 Ohio App.3d 355, 362.
[2] Id.; State v. Williams (2000), 136 Ohio App.3d 570, 572.
[3] State v. Mitchell (Mar. 28, 2002), Crawford App. No. 3-01-20, 2002-Ohio-1400, at ¶ 9.
[4] State v. McNeal (June 18, 2002), Allen App. No. 1-01-158, 2002-Ohio-2981, at ¶ 54-57.
[5] Id. at ¶ 58, quoting State v. Jones (2001), 93 Ohio St.3d 391,400, 2001-Ohio-1341.
[6] R.C. 2929.14(A)(1).
[7] R.C. 2929.13(D).
[8] R.C. 2929.14(C). See, also, State v. Yirga (June 4, 2002), Wyandot App. No. 16-01-24, 2002-Ohio-2832, at ¶ 13.
[9] Yirga, supra, at ¶ 12.
[10] See R.C. 2929.12(D)(2).
[11] See R.C. 2929.12(D)(3).
[12] See R.C. 2929.12(E)(1), (4), (5).
[13] Yirga, supra, citing State v. Arnett (2000), 88 Ohio St.3d 208,215, 2000-Ohio-302; State v. Fox (1994), 69 Ohio St.3d 183, 193.
[14] See R.C. 2929.12(E)(2), (3).