{¶ 15} I disagree with the majority's disposition of the first assignment of error based on my dissent in State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 7 (Whitmore, J., concurring in part and dissenting in part). Moreover, in Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus, the Ohio Supreme Court mandated that a trial court "inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence," thus reinforcing my dissent in Riggs that the findings and reasons, when required, be placed on the record at the sentencing hearing. (Emphasis added.) See, also, State v. Williams (2000), 136 Ohio App.3d 570, 572
(interpreting Edmonson as requiring the trial court to make the findings and give its reasons for imposing a maximum term of imprisonment on the record at the sentencing hearing and not merely in the judgment entry); State v. Martin (1999), 136 Ohio App.3d 355, 362-363.
 {¶ 16} Accordingly, I would sustain Appellant's first assignment of error and remand for resentencing. I concur with the majority's disposition of the remaining assignments of error.