OPINION
{¶ 1} This appeal is brought by Jesus Torres, III ("Torres") from the judgment of the Court of Common Pleas, Defiance County, sentencing him to the Ohio Department of Rehabilitation and Correction for a term of eight years. We affirm.
 {¶ 2} Although the record presents conflicting testimony as to the details of some of the events, a basic outline of the events can be determined as follows. On the evening of July 5, 2000 and early morning hours of July 6, 2000, Torres and Carlos Marroquin were involved in a series of verbal and physical confrontations. The first incident occurred at a nightclub in Defiance, Ohio called Jammers. Torres and Marroquin exchanged heated words and bouncers from the club separated the two with a warning that no fighting was to occur in the club. Both parties later agreed to a fight at the Latin American Club. Both Torres and Marroquin went to the Latin American Club and the two wrestled on the ground until they were separated by an unknown party who claimed to own the Latin American Club.
 {¶ 3} Both Torres and Marroquin returned to the Jammers nightclub and more heated words were exchanged in the parking lot. The parties did not engage in any physical altercation at this time. Both parties left the Jammers parking lot and went their separate ways. Torres and his girlfriend went to a Speedway gas station where they spotted Torres' sister, Norma Rocha, using the payphone. Marroquin and the people he accompanied that evening were going home when a passenger in the car asked the driver to stop for cigarettes. The driver went to the same Speedway gas station where Torres was located. The parties again engaged in a verbal confrontation and continued to exchange heated words as the cars proceeded towards the exit of the station. The cars stopped and Torres exited the vehicle in which he was riding, grabbed a beer bottle from the car and proceeded towards the car in which Marroquin was seated. Torres swung the bottle at the window where Marroquin was seated. Marroquin exited the vehicle and Torres hit Marroquin on the head with the bottle causing the bottle to break. With the remaining broken piece of the bottle Torres stabbed Marroquin several times and then ran back to the car his girlfriend was driving. Marroquin attempted to chase Torres but the car exited the gas station. Marroquin was taken to the hospital where he received approximately 65 stitches.
 {¶ 4} Torres was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(2). A jury trial was commenced on October 28, 2002. Torres was convicted of the offense of felonious assault and sentenced to a term of eight years imprisonment with the Ohio Department of Rehabilitation and Correction. It is from this order that Torres now appeals, raising the following assignments of error.
The trial court erred in imposing the maximum possible sentence on Mr. Torres without making the requisite findings on the record, as required by R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d), in contravention of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution.
Mr. Torres' conviction for the offense of felonious assault was against the manifest weight of the evidence. Fifth and Fourteenth Amendments, United States Constitution; Section 16, Article, I, Ohio Constitution.
 {¶ 5} Torres was sentenced to the maximum prison term for a felony of the second degree, which is eight years. Torres argues that the trial court erred in imposing the maximum sentence and that the trial court failed to comply with the felony sentencing statutes by not making the requisite findings on the record.
 {¶ 6} R.C. 2929.14(C) provides guidance for imposing the maximum sentence authorized for a particular offense:
the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 R.C. 2929.14(C). {¶ 7} In order for the trial court to impose a maximum sentence, it must first make certain findings and state its reasons for imposing the maximum prison term pursuant to R.C. 2929.19, which provides:
(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.
(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term[.]
R.C. 2929.19(B).
 {¶ 8} The issue raised in the first assignment of error has been addressed by the Supreme Court of Ohio in State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131, and that decision has been previously applied by this court in State v. Williams (2000), 136 Ohio App.3d 570,737 N.E.2d 139.
 {¶ 9} In Edmonson the trial court made remarks on the record that could be argued to support a finding for the maximum sentence to be imposed on the defendant, but the trial court did not specify a reason listed in R.C. 2929.14(B) as supporting its sentence. State v. Edmonson,supra at 328. The judgment of the court of appeals vacating the trial court's sentence was affirmed. Id.
 {¶ 10} Similarly, this court in Williams held that even when a trial court specifies the appropriate finding in its judgment entry for imposing the maximum prison term, "a finding in the judgment entry alone is not sufficient." State v. Williams, supra at 573. The sentencing of the trial court was vacated for failing to meet the statutory requirements of R.C. 2929.19(B). Id.
 {¶ 11} Torres argues that the trial judge erred in imposing the maximum sentence and that the record does not support such sentence.
 {¶ 12} The trial judge made numerous findings at the sentencing hearing, including that Torres posed the greatest likelihood of committing future crimes and that the offense approached the worst form of the offense.
In terms of his [Torres'] potential for future criminal behavior. Clearly he fits into the category that he committed this offense while on bail awaiting sentence, was under sanctions, et cetera. He has a substantial accusation and criminal convictions (sic). He has previously failed to respond to lesser sanctions than that prison term, and frankly, I see no evidence of any kind of remorse on the part of the defendant, other than I think he's probably disturbed to have been brought to justice for his behavior.
 Jan. 10, 2003, Tr. 412-413. {¶ 13} In State v. Martin (1999), 136 Ohio App.3d 355, 359,736 N.E.2d 907, this court held that "when determining the seriousness of the offender's conduct and the likelihood of recidivism trial courts are required to utilize the factors laid out in R.C. 2929.12." R.C. 2929.12(E) provides:
The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
(4) The offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
The trial judge made findings at the sentencing hearing that included the above factors:
In terms of those statutory factors indicating that recidivism might beless likely, none of those are applicable. He [Torres] clearly has priordelinquency accusations. He has prior convictions. He has not led alaw-abiding life for a significant number of years. He did not committhis under circumstances unlikely to reoccur, rather he seems to seek outtrouble. And the circumstances here were not unlikely to reoccur based onhis demonstrated behavior. And again, I see no indication that he has anygenuine remorse for his criminal offense.
 Jan. 10, 2003, Tr. 414. {¶ 14} The trial court also made findings on the record regarding Torres' behavior being the worst form of the offense.
Given all those matters, clearly the minimum term would not adequately punish the offender or protect the public from his future criminal behavior. Also, I know that maximum terms are to be reserved under the statute for the worse [sic] form of the offense. This instance very nearly approaches the worse [sic] form of the offense, insofar as it probably could have been charged as attempted murder, and certainly could have but for prompt medical attention, resulted in the death of this victim.
Jan. 10, 2003, Tr. 414. Torres argues that the finding of the trial court that the offense "very nearly approaches" the worst form is inadequate to justify imposition of the maximum sentence. We point out that there is not "necessarily only one worst form of this offense."State v. Alberty (Mar. 28, 2000), 3d Dist. No. 1-99-84, unreported, 2000 WL 327225, at *4. R.C. 2929.14(C) provides for varying degrees of "worst forms" of an offense. The language of the trial court that this offense "very nearly approaches" the worst form of the offense in the circumstances recited is adequate to support the trial court's determination that the criminal behavior of Torres was among the worst forms of the offense.
 {¶ 15} R.C. 2929.14(C) only requires that either one of the above findings — that defendant poses the greatest likelihood of committing future crimes and that the offense is the worst form of the offense — be made in order to justify the imposition of the longest prison term authorized for the offense. The trial judge clearly made both findings on the record at the sentencing hearing. The sentence is not contrary to law and the proper findings were made on the record by the trial judge. Accordingly, the first assignment of error is overruled.
 {¶ 16} Torres also argues that his conviction was against the manifest weight of the evidence. In order for an appellate court to reverse the trial court's judgment on the basis that the conviction is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380, 389,678 N.E.2d 541.
Weight of the evidence concerns `the inclination of the greater amountof credible evidence, offered in a trial, to support one side of theissue rather than the other. It indicates clearly to the jury that theparty having the burden of the proof will be entitled to their verdict,if, on weighing the evidence in their minds, they shall find the greateramount of credible evidence sustains the issue which is to be establishedbefore them. Weight is not a question of mathematics, but depends on itseffect in inducing belief.'
State v. Thompkins, supra at 387 (citations omitted). To reverse a conviction on the manifest weight of the evidence, "the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice * * *." State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 17} After reviewing the evidence, we cannot state as a matter of law that the jury clearly lost its way and created a manifest miscarriage of justice in finding Torres guilty beyond a reasonable doubt of felonious assault. The testimony of the witnesses at trial supports Torres' conviction, as a rational trier of fact could have found that adequate provocation did not exist to warrant a conviction on the lesser charge of aggravated assault. Accordingly, we cannot find the conviction of felonious assault is against the manifest weight of the evidence. Torres' second assignment of error is overruled.
 {¶ 18} The judgment of the Common Pleas Court of Defiance County is affirmed and the cause is remanded to that court for execution on judgment for costs.
Judgment affirmed.
SHAW and CUPP, JJ., concur.